UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN WRIGHT,                          ) Case No. 4:18CV2141
                                       )
          Petitioner                   ) JUDGE PAMELA A. BARKER
                                       ) MAGISTRATE JUDGE DAVID RUIZ
     v.                                )
                                       )
BRIGHAM SLOAN,                         )
          Warden,                      )
                                       )
          Respondent.                  ) REPORT AND RECOMMENDATION

     Kevin Wright ("Wright" or "petitioner") has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The petition is before the magistrate judge pursuant to Local Rule

72.2.  At the time he filed his petition, the petitioner was in the custody of the Lake Erie

Correctional Institution pursuant to a nineteen year sentence and journal entry of sentence dated

May 29, 2015, in the case of *State v. Wright*, Case No. 13-CR-147.  (R. 1, PageID #: 1; R. 8-1,

RX 14.)

     Wright filed the petition *pro se,* concerning his 2015 convictions for five counts of

felonious assault, and other crimes, in the Mahoning County (Ohio) Court of Common Pleas.

(R. 1.)  The petitioner raises three grounds for relief:

     1.  The trial court erred when it failed to make a finding on petitioner's Batson
         challenge to the excusal of an African-American juror based on race in
         violation of petitioner's Fourteenth Amendment right to equal protection of
         the laws.

     2.  The trial court erred when it imposed consecutive sentences for improperly
         discharging a firearm into or at a habitation and felonious assault, allied
         offenses of similar import.

     3.  The trial court erred when it failed to rule on petitioner's motion to withdraw
         his speedy trial waiver and when it denied his motion to dismiss based on pre-

indictment delay in violation of his Sixth Amendment and statutory rights to a speedy trial and his Fourteenth Amendment right to due process of law.

(R. 1-1, PageID #: 18, 21, 25.)  Respondent has filed a Return of Writ (R. 8), and the petitioner filed a Traverse (R. 11).  For the following reasons, the magistrate judge recommends that the petition be DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct.  28 U.S.C. § 2254(e)(1); *Johnson v. Genovese*, 924 F.3d 929, 938 (6th Cir. 2019); *Thomas v. Stephenson*, 898 F.3d 693, 696 (6th Cir. 2018).  The same deference is applied to state-court factual findings made by a state appellate court based on the trial record.  *Johnson*, 924 F.3d at 938; *Carruthers v. Mays*, 889 F.3d 273, 277 n.1 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1173 (2019).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018) (per curiam); *Mitchell v. MacLaren*, 933 F.3d 526, 531-532 (6th Cir. 2019) (citing *Henley v. Bell*, 487 F.3d 379, 384 (6th Cir. 2007)); *Johnson*, 924 F.3d at 938; *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Wright does not challenge the state court's recitation of the underlying facts.

The Ohio Court of Appeals provided the following factual and procedural background:

On February 7, 2013, Wright was indicted on five counts of felonious assault and attendant firearm specifications and two counts of improper discharge of a firearm at or into a habitation with the attendant firearm specifications; all seven primary offenses are second degree felonies.  The charges stemmed from Wright firing an AK-47 at a vehicle with five passengers, an adult and four children.  The children were unharmed, and the adult sustained three gunshot wounds but survived.  Two adjacent residences sustained damage from the gunfire as well.

On May 7, 2013, Wright entered a plea of not guilty, was appointed counsel, and a trial date was set.  Within the week that followed, counsel for Wright filed a

request for evidence, demand for discovery, a motion for bill of particulars and Wright executed a speedy trial waiver.  As a result, the trial date was reset.

On September 18, 2013, Wright filed a pro se "motion to withdraw defendant's waiver of his right to a speedy trial." Within the motion he stated that he was never informed of his right to a speedy trial, and did not sign the waiver.

There were multiple continuances before August 1, 2014, when Wright filed a motion to dismiss due to pre-indictment delay in excess of one year, which the State opposed arguing a lack of actual prejudice.  The trial court denied the motion.

After two plea hearings were set and continued, on December 1, 2014, Wright again filed a "revocation of speedy trial waiver" and requested new counsel. After being appointed, new counsel filed several motions to gather information about the case and requested a continuance to have time to prepare for trial.

Trial commenced on April 20, 2015 over two years after Wright was indicted. During voir dire Wright's counsel raised a *Batson* challenge.

The jury convicted Wright of all charges as indicted and a presentence investigation was ordered.  The trial court sentenced Wright to eight years on one count of felonious assault, to be served consecutively to the remaining four counts for which the trial court imposed four-year sentences to be served concurrently to each other.  The trial court also imposed a four-year sentence on both improper discharge counts, to be served concurrently to each other but consecutively to the other sentences imposed.  Finally, while the trial court merged Wright's seven gun specifications for sentencing purposes and imposed a three-year term during the sentencing hearing, the sentencing entry omits this order; instead the trial court stated that Wright's total sentence was 19 years.

(R. 8-1, RX 18, PageID #: 183-184; *State v. Wright*, No. 15-MA-0092, 2017 WL 1193838, at *1

(Ohio Ct. App. March 29, 2017)).

Wright filed a timely direct appeal that raised three assignments of error:

1. The trial court erred when it failed to make a finding on Appellant's Batson challenge to the excusal of an African American juror based on race in violation of Appellant's Fourteenth Amendment right to equal protection of the law.

2. The trial court erred when it imposed consecutive sentences for improperly discharging a firearm into or at a habitation and felonious assault, allied offenses of similar import.

3. The trial court erred when it failed to rule on Appellant's motion to withdraw his speedy trial waiver and when it denied his motion to dismiss based on pre-indictment delay in violation of his Sixth Amendment and statutory rights to a speedy trial and his Fourteenth Amendment right to due process of law.

(R. 8-1, RX 16, PageID #: 129-130.)  On March 29, 2017, the court of appeals affirmed the petitioner's convictions, but remanded the case for the trial court to issue a nunc pro tunc order specifying in the sentencing entry that Wright's sentence included three years on the firearm specification.[1]  (R. 8-1, RX 18; *Wright*, , 2017 WL 1193838.)

Wright then filed an appeal to the Supreme Court of Ohio, setting forth the following three propositions of law:

1. The trial court erred when it failed to make a finding on Appellant's Batson challenge to the excusal of an African American juror based on race in violation of Appellant's Fourteenth Amendment right to equal protection of the law.

2. The trial court erred when it imposed consecutive sentences for improperly discharging a firearm into or at a habitation and felonious assault, allied offenses of similar import.

3. The trial court erred when it failed to rule on Appellant's motion to withdraw his speedy trial waiver and when it denied his motion to dismiss based on pre-indictment delay in violation of his Sixth Amendment and statutory rights to a speedy trial and his Fourteenth Amendment right to due process of law.

(R. 8-1, RX 20.)  The Supreme Court of Ohio declined to accept jurisdiction of the appeal.  (R. 8-1, RX 22; *State v. Wright*, 150 Ohio St.3d 1433, 81 N.E.3d 1272 (2017).)  Wright then filed the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  (R. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must

---

[1]  The trial court did so on July 3, 2018.  (R. 8-1, RX 23.)

4

apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal

courts have limited power to issue a writ of habeas corpus with respect to any claim that was

adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided

the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a decision that (1)
> "was contrary to ... clearly established Federal law, as determined by the Supreme
> Court of the United States," or (2) "involved an unreasonable application of ...
> clearly established Federal law, as determined by the Supreme Court of the
> United States."  Under the "contrary to" clause, a federal habeas court may grant
> the writ if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.  Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416,

421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if

the state court applies a rule that contradicts the governing law set forth in [Supreme Court]

cases."  *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state

court decision is not unreasonable simply because the federal court considers the state decision to

be erroneous or incorrect.  Rather, the federal court must determine that the state court decision

is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12;

*Lorraine*, 291 F.3d at 422.

Wright has filed his petition *pro se*.  The pleadings of a petition drafted by a *pro se*

litigant are held to less stringent standards than formal pleadings drafted by lawyers and will be

liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*,

405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  No other special

treatment is afforded litigants who decide to proceed *pro se*.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  STATE LAW CLAIM

Respondent argues that the second ground of the petition raises a state law claim that is non-cognizable in a federal habeas corpus action.  (R. 8, PageID #: 61.).  The second ground asserts that the trial court erred by imposing consecutive sentences for the improper discharge of a firearm and felonious assault charges and argues the counts should have been merged as "allied offenses of similar import."  (R. 1-1, PageID #: 21-25; *see also* R. 8-1, RX 16, PageID #: 139-141 (appellate brief).)  Before the state appellate court, Wright framed this claim as a matter of state law (R. 8-1, RX 16, PageID #: 139-141), but his Memorandum in Support of Habeas Corpus Petition contends this claim raises a Double Jeopardy violation under the Fifth and Fourteenth amendments to the United States Constitution.  (R. 1-1, PageID #: 21-25.)

The question before this federal habeas court is whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *Williams*, 529 U.S. at 412-413; *Lewis*, 497 U.S. at 780.  Federal habeas relief is not available for a claimed violation of state law; thus any alleged violation of the Ohio Constitution or Ohio law is not properly before this court.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Nelson v. Ohio Adult Parole Auth*., No. 1:14CV1530, 2016 WL 1408591, at *4 (N.D. Ohio Apr. 11, 2016) (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)); *Lallathin v. Lazaroff*, No. 2:05CV1155, 2006 WL 3257395, at *11 (S.D. Ohio Nov. 9, 2006) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735,

738 (6th Cir. 1988)).  A federal habeas court does not act as an additional appellate court to review a state court's interpretation of its own law or procedure.  *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *Lallathin*, 2006 WL 3257395, at *11 (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).

The state court of appeals analyzed Wright's claim under the Ohio "allied offenses of similar import" statute, R.C. 2941.25(B).  *See* R. 8-1, RX 18, PageID #: 187-188; *Wright*, 2017 WL 1193838, at *3-*4.  The petitioner's habeas claims alleging that the trial court erred by not merging his convictions as allied offenses are based on the application of state law, *see* Ohio Revised Code § 2941.25(B), and not on the Double Jeopardy Clause.  *See, e.g.*, *Minor v. Wainwright*, No. 19-3206, 2019 WL 2489656, at *2 (6th Cir. June 6, 2019).  A challenge to the state court's application of Ohio's allied offenses statute is not cognizable on federal habeas review.  *Minor*, 2019 WL 2489656, at *2 (citing *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014), *cert. denied*, 574 U.S. 848 (2014)); *Hawkins v. Warden, Ross Corr. Inst.*, No. 2:19CV3870, 2019 WL 5586884, at *1 (S.D. Ohio Oct. 30, 2019); *Askew v. Bradshaw*, No. 5:12CV131, 2017 WL 3336599, at *2-*3 (N.D. Ohio Aug. 4, 2017); *but see Spence v. Sheets*, 675 F. Supp.2d 792, 824 (S.D. Ohio 2009) (contra; Ohio's allied offenses statute based on double jeopardy concerns).  Federal habeas relief is not available for a claimed violation of state law; thus any alleged violation of Ohio law is not properly before this court.  *See Lewis*, 497 U.S. at 780.

In addition, even when considering the petitioner's second claim as raising a Double Jeopardy claim, it still lacks merit.  This court has explained, "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall 'be subject for the same offense to be

twice put in jeopardy of life or limb.'  This clause protects criminal defendants not only from successive prosecutions for the same offense, but also from multiple punishments for the same offense." *Wilson v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 181181 (N.D. Ohio, July 10, 2013), adopted by *Wilson v. Warden, Ross Corr. Inst.*, 2013 U.S. Dist. LEXIS 181179 (N.D. Ohio, Dec. 30, 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).  Pursuant to the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the court must determine whether a charged offense "requires proof of an additional fact which the other does not."

Here, the state appellate court concluded that under Ohio law, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or of the harm that results from each offense is separate and identifiable." (R. 8-1, RX 18, PageID #: 188.).  The state appellate court continued, "Wright fired an AK-47 at a vehicle with five passengers, an adult and four children in a residential area; during the incident two separate residences sustained damage from the gunfire. As such, Wright's convictions for the five felonious assault counts and the two improper discharge [of a firearm into a habitation] counts do not merge because they involve separate victims and separate identifiable harm." *Id.*  There is sufficient evidence to support the state court's conclusion under Ohio law.  This conclusion is not an unreasonable application of clearly established federal law nor is it based upon an unreasonable determination of the facts in light of the evidence presented.

For the foregoing reasons, the petition should not be granted on the basis of the second ground for relief.

## IV.  BATSON CLAIM

The first ground of the petition asserts:

> The trial court erred when it failed to make a finding on petitioner's *Batson* challenge to the excusal of an African-American juror based on race in violation of petitioner's Fourteenth Amendment right to equal protection of the laws.

(R. 1-1, PageID #: 18.)  Respondent argues that the state court adjudicated the claim properly, and the first ground lacks merit.  (R. 8, PageID #: 59-60.)  The state appellate court addressed this claim as follows:

> The Equal Protection Clause of the United States Constitution prohibits purposeful discrimination in the exercise of a peremptory challenge to excuse a juror on account of his race. *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986).  In *Batson*, the United States Supreme Court outlined a three-step process for evaluating claims that a prosecutor has used peremptory challenges in a manner violating the Equal Protection Clause. *Id.* at 96-98.  First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. *Id.* at 96-97.  Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. *Id.* at 97-98.  Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. *Id.* at 98.  An appellate court will not reverse the trial court's decision of no discrimination unless it is clearly erroneous. *See State v. Hernandez*, 63 Ohio St.3d 577, 583, 589 N.E.2d 1310 (1992).

> Wright satisfied the first step of demonstrating a prima facie case of racial discrimination; counsel objected immediately after the prospective juror—who was African-American—was dismissed.  Consequently, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror in question.  The State responded as follows:
>
> > PROSECUTOR: First of all, I would state that the victims in this case are also black.  The state has excused also a white juror.  This particular juror seemed very disinterested during our questioning.  It appeared that she even fell asleep at one point, and just her attitude towards the whole process seemed to be very disinterested and antagonistic.

> The trial court did not make an express finding regarding the challenge, but proceeded with voir dire and replaced the dismissed juror:
>
> > THE COURT: I believe it's the state's peremptory.
> >
> > PROSECUTOR: Your Honor, at this time the state would thank and excuse Juror No. 12, Ms. Gurley.

9

THE COURT: Ma'am, you're excused. Please report back to Mr. Jackson for further instruction.

The bailiff then called the name of the next person from the potential juror panel. After she was seated, counsel requested a side bar outside the hearing of the jury pool and argued the Batson challenge. In response, the trial court denied the challenge by merely stating "Okay."

At that point the proceedings were recommenced in the presence of the prospective jurors and the trial court continued with voir dire with the newly seated prospective juror.

Wright argues that this is error in violation of the third prong of *Batson*. The State contends that the reason given by the prosecutor was race-neutral, but does not directly respond to Wright's argument that it was error for the trial court to fail to say more regarding a finding.

The State gave two racially-neutral reasons for using a peremptory challenge against the prospective juror: being disinterested and appearing to fall asleep. It is not a heavy burden for the State to meet to articulate a racially-neutral reason for using a peremptory strike. However, the third element of *Batson* states that the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination, *Batson*.

A similar argument arose in *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 98, which the Ohio Supreme Court rejected:

> Frazier contends that the trial court's failure to make findings in connection with its ruling requires reversal. Certainly, more thorough findings by the trial court in denying the defense *Batson* objections would have been helpful. However, the trial court is not compelled to make detailed factual findings to comply with *Batson*. *See Miller-El v. Cockrell* (2003), 537 U.S. 322, 347, 123 S.Ct. 1029, 154 L.Ed.2d 931 ("a state court need not make detailed findings addressing all the evidence before it" to render a proper Batson ruling). "As long as a trial judge affords the parties a reasonable opportunity to make their respective records, he may express his *Batson* ruling on the credibility of a proffered race-neutral explanation in the form of a clear rejection or acceptance of a *Batson* challenge." *Messiah v. Duncan* (C.A.2, 2006), 435 F.3d 186, 198. Thus, no error was committed in ruling on Frazier's two Batson challenges, because the trial court clearly rejected them.

Given the record before us, the trial court rejected the challenge after giving the parties the opportunity to make their arguments. While the better practice would

10

be for the trial court to be more expansive in the denial, the prospective juror was sent back to the jury commissioner's office; she was not seated for this case. Thus Wright's *Batson* challenge was rejected by the trial court. More important for our review of the *Batson* challenge, we have the arguments of defense counsel and the prosecutor to review. As the reasoning offered by the State was race-neutral, the trial court did not err in granting the peremptory challenge. Accordingly, Wright's first assignment of error is meritless.

(R. 8-1, RX 18, PageID #: 184-187; *Wright*, 2017 WL 1193838, at *2-*3.)

The Equal Protection Clause prohibits a party from using peremptory challenges to exclude members of the venire on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986); *Braxton v. Gansheimer*, 561 F.3d 453, 458 (6th Cir. 2009). The Sixth Circuit has summarized the proper analysis for a court to undertake:

> To establish an equal protection violation under *Batson*, "the claimant must first establish a prima facie case of racial discrimination. If the claimant establishes a prima facie case, the party exercising the peremptory must proffer a race-neutral explanation. This non-racial explanation 'need not be particularly persuasive, or even plausible, so long as it is neutral.' After the defending party offers its race-neutral justification, the challenging party must demonstrate that the purported explanation is merely a pretext for a racial motivation. As with discrimination claims generally, the ultimate burden of persuasion always rests with the party challenging the peremptory."

*United States v. Forrest*, 402 F.3d 678, 687 (6th Cir. 2005) (quoting *McCurdy v. Montgomery County, Ohio*, 240 F.3d 512, 521 (6th Cir. 2001)). *See also Hernandez v. New York*, 500 U.S. 352, 358-359 (1991); *Braxton*, 561 F.3d at 458-459; *United States v. Jackson*, 347 F.3d 598, 604 (6th Cir. 2003). The state court here applied the proper *Batson* analysis.

Although the reason offered by the prosecutor for a peremptory strike need not rise to the level of a challenge for cause, if it corresponds to a valid for-cause challenge, that will support a race-neutral finding. *Hernandez*, 500 U.S. at 362-363 (citing *Batson*, 476 U.S. at 97). In addition, the Sixth Circuit has found that a party's reason to dismiss a juror is neutral "if it is based on something other than the race of the juror and, absent discriminatory intent inherent in

11

the explanation, the reason should be deemed race-neutral." *Braxton*, 561 F.3d at 458 (citing *Jackson*, 347 F.3d at 606) (internal quotations omitted).

The critical issue, when considering whether the defendant has proved purposeful discrimination, is the persuasiveness of the prosecutor's justification supporting the peremptory strike. The issue comes down to "whether the trial court finds the prosecutor's race-neutral explanations to be credible." *Miller-El v. Cockrell*, 537 U.S. 322, 338-339 (2003); *Braxton*, 561 F.3d at 459. In addition, "where '[reasonable minds reviewing the record might disagree about the prosecutor's credibility…habeas review…does not suffice to. Supersede the trial court's credibility determination.'" *Braxton*, 561 F.3d at 463 (quoting *Rice v. Collins*, 546. U.S. 333, 341-42 (2006)).

Under *Batson*, the prosecutor has an opportunity to provide the reason for striking the juror, and the judge must assess the plausibility of that reason. *See, e.g., Miller-El v. Dretke*, 545 U.S. 231, 251-252 (2005). Wright argues that the judge must articulate his reasoning on the record. (R. 11, PageID #: 838.) Although it would be preferable for a trial court to render a detailed ruling on the record, the petitioner has not identified any U.S. Supreme Court authority in support of this purported requirement. *Id.*; *see generally Cockrell*, 537 U.S. at 347 ("state court need not make detailed findings"); *State v. Frazier*, 115 Ohio St. 3d 139, 152, 873 N.E.2d 1263, 1283 (2007), *cert. denied,* 553 U.S. 1015 (2008) (citing *Cockrell*). In *Smulls v. Roper*, for example, the Eighth Circuit found that "the denial of a *Batson* challenge is itself a finding at the third step that the defendant failed to carry his burden of establishing that the strike was motivated by purposeful discrimination." *Smulls v. Roper*, 535 F.3d 853, 863 (8th Cir. 2008), *cert. denied,* 556 U.S. 1168 (2009) (citing *Hernandez*, 500 U.S. at 364).

The opponent of the strike bears the ultimate burden of persuasion regarding racial motivation. *Davis v. Ayala*, 576 U.S. 257, 271, 135 S. Ct. 2187, 2199 (2015) (citing *Purkett v. Elem*, 514 U.S. 765, 768 (1995)); *see also State v. Bryan*, 101 Ohio St. 3d 272, 288, 804 N.E.2d 433, 455 (2004) (burden of proving intentional discrimination on movant). On habeas review, this court must accept the state court's finding "unless it was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Davis*, 135 S. Ct. at 2199 (citing § 2254(d)(2)). Here, despite the trial court's succinct consideration, the state appellate court found that the trial judge heard Wright's *Batson* challenge, received the parties' arguments and, thereafter, denied the *Batson* challenge by sitting the next juror and continuing the trial. (R. 8-1, RX 18, PageID #: 184-187; *Wright*, 2017 WL 1193838, at *2-*3.) According substantial deference to the trial judge's determination of credibility and demeanor, the state appellate court concluded Wright's argument lacked merit, as the prosecutor provided a race-neutral explanation and the trial court did not err in allowing the peremptory challenge to stand. *Id.*

The trial court's decision on the question of improper discriminatory intent is a finding of fact to be accorded "great deference" on habeas review. *Bryan v. Bobby*, 843 F.3d 1099, 1110 (6th Cir. 2016) (citing *Hernandez*, 500 U.S. at 364-365). The state court's factual findings "are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Davis*, 135 S. Ct. at 2199-2200 (quoting *Rice v. Collins*, 546 U.S. 333, 338-339 (2006)). Wright does not provide clear and convincing evidence rebutting the state court's determination. (*See generally* R. 11, PageID #: 836-839.)

The petitioner has failed to establish that the state court's contested ruling was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the first ground.

## V.   THIRD GROUND

The third ground of the petition contains two speedy trial rights claims. Respondent argues that the state court adjudicated the claims properly, and the third ground lacks merit. (R. 8, PageID #: 69, 72.) The petitioner's third ground for relief asserts:

> The trial court erred [1] when it failed to rule on petitioner's motion to withdraw his speedy trial waiver and [2] when it denied his motion to dismiss based on pre-indictment delay in violation of his Sixth Amendment and statutory rights to a speedy trial and his Fourteenth Amendment right to due process of law.

(R. 1-1, PageID #: 25.)

First, the court notes that any "statutory rights to a speedy trial" are an issue of state law, and any alleged violations of Ohio law are not proper claims for habeas corpus review. *See Lewis*, 497 U.S. at 780. Thus, such a claim is non-cognizable on federal habeas corpus review. This court will address each of the remaining sub-claims in turn, beginning with the motion to dismiss the indictment, which was the earlier filed of the two motions.

### A.   Motion to Dismiss Indictment

On August 1, 2014, Wright filed a motion to dismiss the indictment because it had been "delayed in excess of one (1) year, compromising [his] defense." (R. 8-1, RX 9, PageID #: 95.) Wright argued that pre-indictment delay can result in a constitutional due process violation. *Id.*, citing *United States v. Marion*, 404 U.S. 307 (1971). The trial court denied the motion. (R. 8-1, RX 11.) The state court of appeals affirmed the decision and ruled as follows:

> The Ohio Supreme Court recently considered preindictment delay:

14

[O]n its face, the Sixth Amendment provides no protection to those who have not yet been accused; it does not "require the Government to discover, investigate, and accuse any person within any particular period of time." *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Statutes of limitations provide the ultimate time limit within which the government must prosecute a defendant — a definite point "beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *Id.* at 322, 92 S.Ct. 455. *See also United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (stating that statutes of limitations provide predictable limits to prevent initiation of overly stale charges). But when unjustifiable preindictment delay causes actual prejudice to a defendant's right to a fair trial, despite the state's initiation of prosecution within the statutorily defined limitations period, the Due Process Clause affords the defendant additional protection. *Id.*

This court has stated succinctly that preindictment delay violates due process only when it is unjustifiable and causes actual prejudice: "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law" under the United States and Ohio Constitutions. *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

And we have firmly established a burden-shifting framework for analyzing a due-process claim based on preindictment delay. Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay. *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998); *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 99.

*State v. Jones*, 2016-Ohio-5105, —— N.E.3d ——, ¶ 11–13.

Wright's two-page motion to dismiss states that he was substantially prejudiced but provides no details or examples of how he was actually prejudiced. Further, if a hearing was held on this motion, Wright has failed to provide a copy of the transcript for this Court to conduct an independent review. As Wright did not prove actual prejudice, the burden never shifted to the State to prove justifiable reason for the delay.

(R. 8-1, RX 18, PageID #: 190-191; *Wright*, 2017 WL 1193838, at *5.)

15

The Sixth Amendment to the U.S. Constitution guarantees the accused a speedy trial in all criminal prosecutions. The right to a speedy trial is "fundamental," and is imposed on the states by the Due Process Clause of the Fourteenth Amendment. *Barker v. Wingo*, 407 U.S. 514, 515 (1972); *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017), *cert. denied*, 138 S.Ct. 93 (2017).

Sixth Amendment speedy trial rights do not apply until "arrest, indictment or other official accusation." *Margroff v. Anderson*, 172 F.3d 873, 1999 WL 71576, at *3 (6th Cir. 1999) (TABLE, text in WESTLAW) (citing *Doggett v. United States*, 505 U.S. 647, 654 (1992), and other cases); *see also Brown*, 845 F.3d at 712-713 (speedy trial right attaches when defendant is arrested or indicted, whichever is earlier); *United States v. Green*, 917 F.2d 25, 1990 WL 161597, at *6 (6th Cir. 1990) (TABLE, text in WESTLAW), *cert. denied,* 498 U.S. 1102 (1991) (citing *United States v. MacDonald*, 456 U.S. 1, 6 (1982); *Marion*, 404 U.S. at 313). Therefore, unless the defendant is under arrest or officially accused, an alleged pre-indictment delay does not trigger Sixth Amendment protections. *Margroff*, 1999 WL 71576, at *3. Moreover, the Supreme Court has stated that the speedy trial clause does not "require the Government to discover, investigate, and accuse any person within any particular period of time." *Green*, 1990 WL 161597, at *6 (quoting *Marion*, 404 U.S. at 313).

The Due Process Clause of the Fifth Amendment, however, protects against "oppressive pre-indictment delay." *Green*, 1990 WL 161597, at *6 (citing *United States v. Lovasco*, 431 U.S. 783, 789 (1983)). An indictment may be dismissed for pre-indictment delay "only when the defendant shows (1) substantial prejudice to his right to a fair trial and (2) that the delay was an intentional device by the government to gain a tactical advantage." *Margroff*, 1999 WL 71576,

at *4 (citing *Marion*, 404 U.S. at 325, *Lovasco*, 431 U.S. at 789-790, and other cases); *Green*, 1990 WL 161597, at *6.

The state court here overruled Wright's assignment of error based on the fact that Wright had not alleged any specific prejudice to his right to a fair trial.  (R. 8-1, RX 18, PageID #: 191; *Wright*, 2017 WL 1193838, at *5.)  Wright's motion to dismiss the indictment asserted that the indictment had been "delayed in excess of one (1) year, compromising [his] defense," but also stated that the indictment "was returned with no new additional information" and was based on inconsistent eyewitness testimony.  (R. 8-1, RX 9, PageID #: 95.)  Although Wright through this habeas proceeding now raises a more detailed theory of prejudice (R. 1-1, PageID #: 26-27; R. 11, PageID #: 843-844), he did not raise those arguments in state court and they may not be considered at this point on habeas review.

The Supreme Court has clarified that habeas review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Zimmerman v. Booker*, 517 Fed. Appx 333, 337 (6th Cir. 2013), *cert. denied*, 571 U.S. 1011 (2013) (habeas review limited to state court record).  Habeas review "focuses on what a state court knew and did."  *Cullen*, 563 U.S. at 182 (citing *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)).  "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."  *Cullen*, 563 U.S. at 186 (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)); *Zimmerman*, 517 Fed. Appx at 338; *see generally Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (claims must be presented to state courts under same theory later presented in habeas).

The state court's ruling that Wright did not show substantial prejudice to his right to a fair trial is not an unreasonable application of clearly established federal law.  Wright has failed to

establish that the state court's contested ruling on pre-indictment delay was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court in *Marion* and *Lovasco*. Therefore, the petition should not be granted on this basis.

## B.  Speedy Trial Waiver

The second claim contained within the petitioner's third ground for relief asserts that the trial court erred "when it failed to rule on petitioner's motion to withdraw his speedy trial waiver." (R. 1-1, PageID #: 25.) On May 14, 2013, a Waiver of Right to Speedy Trial was filed for Wright. (R. 8-1, RX 3.) Then, on September 11, 2013, Wright filed a motion to withdraw his speedy trial waiver, alleging that he never signed the waiver, and that the signature on the waiver was not his. (R. 8-1, RX 5.) On November 19, 2014, Wright filed a revocation of his speedy trial waiver. (R. 8-1, RX 6.) On direct appeal, Wright pressed the claim that the trial court erred when it failed to rule on his motion to withdraw his speedy trial waiver. (R. 8-1, RX 16, PageID #: 130, 142-144.)

In overruling this claim, the state court of appeals ruled as follows:

The Sixth Amendment to the United States Constitution provides that an "accused shall enjoy the right to a speedy and public trial." Section 10, Article I of the Ohio Constitution also provides a criminal defendant the right to a speedy public trial by an impartial jury.

R.C. 2945.73(B) further addresses a criminal defendant's statutory right to a speedy trial: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." A defendant charged with a felony must be brought to trial within 270 days of his or her arrest. R.C. 2945.71(C)(2). However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). This is also referred to as the triple count provision.

A review of a trial court's decision regarding a motion to dismiss based on statutory speedy trial grounds involves a mixed question of law and fact. Deference is given to the trial court's findings of fact, but the appellate court independently reviews whether the trial

18

court properly applied the law to the facts of the case.  When
reviewing the legal issues regarding a statutory speedy trial case,
the statutes are strictly construed against the state.

*State v. Fant*, 2016-Ohio-7429, —— N.E.3d ——, ¶ 35 (7th Dist.) (internal
citations omitted).

 (R. 8-1, RX 18, PageID #: 189-190; *Wright*, 2017 WL 1193838, at *4-*5.)  The state appellate

court continued:

Wright also asserts that he was not brought to trial within the statutorily mandated
time.  Wright was indicted February 7, 2013, arrested and arraigned on May 3rd,
2013, and on May 10th executed a speedy trial waiver.  Wright attempted to
rescind his waiver of speedy trial arguing that he had not signed the waiver.

The trial court's judgment entries memorialized Wright's waiver.  As the waiver
was valid, it was in full force and effect during the pendency of these proceedings.
"Following an express, written waiver of unlimited duration by an accused of his
right to a speedy trial, the accused is not entitled to a discharge for delay in
bringing him to trial unless the accused files a formal written objection and
demand for trial, following which the state must bring the accused to trial within a
reasonable time."  *State v. O'Brien*, 34 Ohio St. 3d 7, 516 N.E.2d 218 (1987),
syllabus.

Accordingly, as there was no preindictment delay and Wright waived his speedy
trial time, his third assignment of error is meritless.

(R. 8-1, RX 18, PageID #: 192; *Wright*, 2017 WL 1193838, at *5-*6.)

This portion of the petitioner's claim is premised upon the alleged violation of Ohio

speedy-trial statutes.  *See, e.g.*, R. 1-1, PageID #: 32 (alleging violations of Ohio Rev. Code §

2945.71.).  An alleged violation of a state speedy trial law is not remediable through a federal

habeas corpus petition.  *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir.), *cert. denied*, 525 U.S.

935 (1998); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994), *cert. denied*, 514 U.S. 1024

(1995); *Massenburg v. Pitcher*, No. 00-10503, 2003 WL 88118, at * 8 (E.D. Mich. Jan. 10,

2003) (citing *Norris*).  Such a claim arises under state law and is not cognizable on federal

habeas review.  *Massenburg*, 2003 WL 88118, at * 8 (citing *Lewis*, 497 U.S. at 780).  Therefore,

to the extent that the petitioner's claim relies on a violation of the Ohio speedy-trial statutes, it should not be granted.

In addition, although the state court relied on state law in rendering its decision, it also recognized the federal constitutional right to a speedy trial.  The pertinent question for this court is whether the state court's decision was contrary to clearly established federal law as set forth by the Supreme Court.  *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir.), *cert. denied*, 542 U.S. 943 (2004); *Wilson v. Mitchell*, No. 02-3834, 2003 WL 1194257, at *2 (6th Cir. Mar. 7, 2003); *Poe*, 39 F.3d at 207; *Massenburg*, 2003 WL 88118, at * 8.  As noted earlier, a state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  The court's consideration of a claim that Ohio has violated its speedy trial rules is limited to a determination of whether the state's action has violated the petitioner's Sixth Amendment right to a speedy trial.  *Poe*, 39 F.3d at 207; *Massenburg*, 2003 WL 88118, at * 8.

The Sixth Amendment right to a speedy trial is "fundamental," and is imposed on the states by the Due Process Clause of the Fourteenth Amendment.  *Barker*, 407 U.S. at 515.  The *Barker* Court established four criteria by which an alleged violation of the constitutional right to a speedy trial is to be judged:  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.  *Barker*, 407 U.S. at 530; *Norris*, 146 F.3d at 326.  None of the four factors is either necessary or sufficient to finding a deprivation of the right to a speedy trial but must be balanced with other relevant circumstances.  *Id.* at 533.

In a subsequent decision, *Doggett v. United States*, the Court explained the balancing analysis considers "whether [the] delay before trial was uncommonly long, whether the

20

government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992).

The Ohio Court of Appeals did not explicitly undertake the four-part analysis set forth in *Barker*. Where a state court decides a constitutional issue without extended discussion, the federal habeas court should focus on the result of the state court's decision, applying the correct standard in its analysis. *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001).

The *Barker* Court noted that the first factor is "a triggering mechanism," instructing that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005); *Norris*, 146 F.3d at 326. Thus, the first inquiry is "whether there was a presumptively prejudicial delay" to warrant further investigation of the *Barker* factors. *Norris*, 146 F.3d at 326-327.

The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier. *Maples*, 427 F.3d at 1026 (citing *Marion*, 404 U.S. at 320); *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir. 1987). A delay is presumptively prejudicial if it is "uncommonly long" or "extraordinary." *United States v. Watford*, 468 F.3d 891, 901 (6th Cir. 2006), *cert. denied*, 550 U.S. 970 (2007) (citing *Doggett*, 505 U.S. at 651-652, and other cases). A delay approaching one year may be considered presumptively prejudicial, depending on the nature and seriousness of the charges. *Doggett*, 505 U.S. at 652 n.1. The Sixth Circuit has found that a delay is presumed prejudicial when it exceeds one year. *United States v. Young*, 657 F.3d

408, 414 (6th Cir. 2011), *cert. denied*, 565 U.S. 1240 (2012); *Watford*, 468 F.3d at 901 (citing cases).

Here, Wright was indicted on February 7, 2013 (R. 8-1, RX 1; R. 1-1, PageID #: 26), arrested, and arraigned on May 2, 2013 (R. 8-1, RX 2). The contested speedy trial waiver was filed on May 13, 2013. (R. 8-1, RX 3, 4.) Defense counsel filed a motion to continue the trial that same date, which was granted. (R. 8-1, RX 4.) Counsel filed another motion for continuance on February 3, 2015, which was also granted. (R. 8-1, RX 7, 8.) The jury trial was held in April 2015, and the jury returned its verdict on April 22, 2015. (R. 8-1, RX 12, 13.) The delay in this case, standing alone, is presumptively prejudicial. *Young*, 657 F.3d at 414; *Watford*, 468 F.3d at 901. The court will therefore consider the remaining *Barker* factors.

As for the second *Barker* factor, among the reasons for the length of the delay were several continuances requested by the defense (R. 8-1, RX 4, 7, 8), which would excuse the delay to some extent. *See, e.g.*, *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002) (portions of the delay attributable to defendant are not considered in determining whether defendant's right to a speedy trial has been violated); *see generally Henderson v. United States*, 476 U.S. 321 (1986) (Speedy Trial Act excludes delays caused by pretrial motions).

Without explicitly citing *Barker*, the state court made a finding relating to the third factor—defendant's assertion of his right to a speedy trial—finding that Wright's waiver prevented dismissal of the charges on speedy trial grounds. (R. 8-1, RX 18, PageID #: 192; *Wright*, 2017 WL 1193838, at *6.)

Wright argues that he need not address the fourth factor, prejudice, because he contends it is unnecessary if the first three factors are met. (R. 1-1, PageID #: 29.) While the court finds

22

that the first *Barker* factor was satisfied, the second and third factors are not.  As to prejudice, Wright relies solely on the presumptive prejudice of the lengthy delay.  (*Id.* at PageID #: 32.) That alone, however, is insufficient to support a Sixth Amendment speedy trial violation. Balancing the four *Barker* factors, the court finds that Wright has failed to establish a Sixth Amendment violation.  *See Barker*, 407 U.S. at 530, 533.

Wright has failed to establish that the state court's decision was contrary to clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the third ground.

## VI.  CONCLUSION

The petition for a writ of habeas corpus should be DENIED, for the reasons set forth above.


*s/ David A. Ruiz*
David A. Ruiz
United States Magistrate Judge


Date:  April 8, 2021

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time may forfeit the right to appeal the Magistrate Judge's recommendation.  *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).